UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON LEE SUTTON,

                Plaintiff,

    v.

BERNARD WARNER, et al.,

               Defendants.

CASE NO. 3:18-cv-05236-BHS-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff Jason Lee Sutton's motion for court appointed counsel. Dkt. 20.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*,

113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, plaintiff's claims that defendants are unlawfully withholding his property based on the Department of Corrections ("DOC") policy of shipping two boxes of prisoners' personal property when they are transferred between facilities, but charging prisoners for any additional personal property beyond the two boxes. His case is relatively straight forward in that plaintiff is alleging the property the DOC is refusing to transport free of charge are his legal materials, thereby depriving him of access to the courts. He also alleges they are violating his rights because, if he cannot pay for transport of his property, the DOC will dispose of his property after 90 days. He has described his alleged constitutional violations and, as the discovery period is still open, has not shown that he is unable to comply with discovery requests or promulgate his own discovery effectively. Thus far, plaintiff has adequately advocated for himself and has not shown that his claims are so complex or the law so intricate as to make him unable to effectively pursue his lawsuit pro se. Plaintiff has not shown the exceptional circumstances necessary for the Court to appoint him counsel and the Court is satisfied he can continue to litigate this case pro se at this time.

1    Therefore, plaintiff's motion for court appointed counsel (Dkt. 20) is denied without
2 prejudice.
3    The Court will address plaintiff's motion for court ordered relief (Dkt. 23) and
4 defendants' motion for summary judgment (Dkt. 27) in separate orders or reports and
5 recommendations.
6    Dated this 27th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge