|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| JASON LEE SUTTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD WARNER et al,<br><br>　　　　　Defendants. | CASE NO. 3:18-cv-05236-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: August 17, 2018 |

　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

　　Plaintiff requests that the Court order defendants to provide plaintiff with boxes of his personal property that they currently will not ship to plaintiff unless he pays for the shipping. However, plaintiff has not shown that he is in danger of imminent, irreparable harm because he has not shown he will miss any deadlines in any cases or otherwise be prejudiced in his litigation

if the boxes are not provided to him now. Therefore, the Court recommends plaintiff's motion for preliminary injunction be denied.

## BACKGROUND

Plaintiff initially filed his complaint in March of 2018. Dkt. 1. Plaintiff alleges that defendants violated Washington State law when they refused to ship additional personal property unless plaintiff payed for the shipping. Dkt. 6. Read liberally, plaintiff alleges that his constitutional rights are being violated because the withheld property boxes contain legal materials he needs to pursue his ongoing cases, and because the Department of Corrections ("DOC") will dispose of his boxes 90 days after transfer if plaintiff does not pay. *Id*. In his motion, he alleges those are imminent and irreparable threats of harm warranting a preliminary injunction.

## DISCUSSION

Plaintiff requests that the Court enjoin defendants and require them to immediately return the boxes of legal documents that have not yet been shipped to his new facility. A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations and quotation omitted). Instead, the court must "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

1 entitled to such relief." *Id*. at 376. Moreover, plaintiff must show more than a mere "possibility"
2 of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence
3 of an injunction." *Id*. at 375 (emphasis and citations omitted). He must show "immediate
4 threatened injury as a prerequisite to preliminary injunctive relief." *Boardman v. Pac. Seafood*
5 *Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016). That is, imminent injury must be present in the
6 absence of a preliminary injunction.

       **I.**     **Failure to Show Imminent, Irreparable Harm**

8        Here, plaintiff argues in his motion for preliminary injunction that he is indigent and so
9 cannot afford to have his legal boxes shipped to him under the current DOC policy. His
10 underlying complaint makes similar claims. However, plaintiff has failed to allege a cognizable
11 threat of imminent, irreparable harm. Plaintiff has explained that the failure of the DOC to
12 transport his personal property could lead to harm because the DOC could destroy his property if
13 plaintiff does not act. However, defendants have shown that plaintiff has 90 days from transfer to
14 request transport of his property before the DOC will consider disposing of it, and plaintiff can
15 request an extension of that 90 days. Further, plaintiff may designate a third party to receive his
16 property if he cannot afford the postage – destruction of the property is not inevitable. *See* DOC
17 Policy 440.000 XI(A). Thus, even if the Court finds that this alleged harm would be irreparable,
18 plaintiff has not shown that the threat of destruction to his property is imminent and thus has not
19 properly supported his motion for preliminary injunction as to that allegation.

20        Insofar as plaintiff alleges a constitutional violation for failing to provide plaintiff with
21 the legal documents in his personal property boxes, thereby leading to a deprivation of access to
22 the courts, plaintiff has also not explained what actual harm he will experience – he has not
23 provided any information about what deadlines he may miss in his cases or what materials are
24

1  being withheld, prohibiting him from actively pursue his pending cases. Because plaintiff has not
2  shown that his cases will prejudiced, he has not shown imminent, irreparable harm.

3  Plaintiff also alleges that he will be imminently harmed monetarily if he is forced to pay
4  the fee to have his personal property transported. However, the Court does not see how the
5  payment of $15.00 amounts to an irreparable injury warranting the extraordinary remedy of a
6  preliminary injunction.

7  Because plaintiff has failed to show that he is likely to suffer imminent, irreparable harm,
8  plaintiff has not shown that he is entitled to the extraordinary remedy of a preliminary injunction.
9  The Court therefore recommends denying his motion for a preliminary injunction without
10 prejudice.

11 **II.     Previous Court Orders and Washington Law**

12 Plaintiff also argues that defendants are disregarding a previous order from this Court
13 requiring defendants to provide prisoners with their property boxes free of charge, and so
14 requests the Court direct defendants to follow that order. *See* Dkt. 23, pp. 1-2. He cites *Burton v.*
15 *Lehman*, 152 Wash.2d 416 (2005), and *Grubham v. Obenland*, Case. No, 13-5646 RJB JRC,
16 2017 U.S. Dist. LEXIS 28196 (W.D. Wash. 2017), to support the assertion that both the state and
17 federal courts have established that prisoners have a right under Washington law to have their
18 property moved free of charge. Dkt. 23, pp. 3-4.

19 In *Burton*, the Washington State Supreme Court ruled in 2005 that, under Washington
20 Statute RCW 72.02.045(3), the DOC was obligated to move all of a prisoner's property between
21 institutions free of charge when he or she was transferred. 153 Wash.2d at 526-27. In *Grubham*,
22 the Honorable Robert Bryan ordered that property being held by the DOC be returned to a
23 prisoner free of charge based on the *Burton* ruling. 2017 U.S. Dist. LEXIS 28196 at *3-*4.

24

1 However, that was an order entered by a District Court Judge in a different case, and, while it 2 may be relied upon by other courts for its persuasive value, it is not binding as precedent on this 3 Court. *See American Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011) ("[F]ederal 4 district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding 5 other judges, even members of the same court."). Further, one court in the Western District of 6 Washington has recognized that the Washington statute interpreted in *Burton* has since been 7 amended to give the superintendent of the prison discretion to determine how much personal 8 property may be transferred, and there is nothing to indicate that charging a prisoner for the 9 transport of his or her property implicates a protectable property interest. *See Barnhouse v.* 10 *Glebe*, Case No. 07-1991-MJP-JPD, 2008 WL 5263716 at *7 n.5 (W.D. Wash. 2008). Therefore, 11 insofar as plaintiff argues that defendants are violating previous orders from the state and federal 12 courts, the Court does not find his arguments persuasive and recommends plaintiff's motion for 13 preliminary injunction be denied.

## CONCLUSION

For the reasons stated above, the undersigned recommends that plaintiff's request for preliminary injunction (Dkt. 23) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 17,
2 | 2018, as noted in the caption.

3 | Dated this 27th day of July, 2018.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6