UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON LEE SUTTON,

            Plaintiff,

v.

BERNARD WARNER, et al.,

            Defendants.

CASE NO. 3:18-cv-05236-BHS-JRC

ORDER DENYING MOTIONS FOR STAY

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff has filed two motions requesting that the Court stay determination of defendants' motion for summary judgment, first because defendants' motion for summary judgment was improperly filed, and second to certify a question of Washington law to the Washington State Supreme Court. However, defendants' motion was properly filed and the question of law

ORDER DENYING MOTIONS FOR STAY - 1

plaintiff wishes to certify is not ambiguous so as to warrant a certification to the state supreme court. Therefore, plaintiff's motions to stay (Dkts. 34, 36) are denied without prejudice.

**BACKGROUND**

Plaintiff initially filed this action in March of 2018. Dkt. 1. He argues that his constitutional rights were violated because defendants charged him money to transport several of his possessions between prison facilities. Dkt. 6. After directing service on defendants, Dkt. 7, and receiving defendants' answer, Dkt. 22, the Court entered a pretrial scheduling order setting the discovery deadline at December 14, 2018, and the dispositive motions deadline at January 11, 2019, Dkt. 25. Two weeks later, defendants filed a motion for summary judgment. Dkt. 27.

Plaintiff has now filed two motions to stay a determination on the summary judgment. Dkts. 34, 36. In his first motion to stay, plaintiff argues that the Court should stay determination of the summary judgment because defendants improperly filed their motion, claiming that summary judgment motions are only appropriate after the close of the discovery period pursuant to this court's scheduling order. Dkt. 34. He also argues that determination should be stayed because he requires additional time to respond to the motion. *Id*. His second motion to stay argues the Court should not make a determination on summary judgment until it has certified an ambiguous state law question to the Washington State Supreme Court. Dkt. 36. Defendants oppose both motions. Dkts. 38, 40.

Plaintiff has also filed a motion for court ordered relief. Dkt. 35. However, the Court will make a determination on that motion in a separate report and recommendation.

## DISCUSSION

I.      **First Motion to Stay Summary Judgment**

Plaintiff first argues that defendants' motion for summary judgment was filed in violation of the Court's pretrial scheduling order and Federal Rule of Civil Procedure 56. Dkt. 34. He argues that the motion for summary judgment should have been filed after the close of discovery and states that he still requires additional discovery before he will be able to adequately respond. *Id*. However, plaintiff misinterprets both the pretrial scheduling order and Rule 56. The pretrial scheduling order states in pertinent part: "[a]ny dispositive motion shall be filed and served *on or before* January 11, 2019." Dkt. 25, p. 2. Though the due date for dispositive motions falls after the discovery deadline, the Court's pretrial scheduling order did not require the parties to wait until *after* the close of discovery before filing dispositive motions. Similarly, Rule 56 states that "a party may file a motion for summary judgment at *any time until* 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Thus, defendants' motion was not filed improperly and the Court denies plaintiff's first motion to stay (Dkt. 34) insofar as he asks the Court to stay determination of defendants' motion for summary judgment.

However, plaintiff filed this motion on August 2, 2018 – within his time to file a response. Therefore, insofar as plaintiff's motion requests an extension to file a response to defendants' motion for summary judgment, plaintiff's first motion is granted. Plaintiff now has until October 15, 2018, to file a response to defendants' motion for summary judgment.

II.     **Second Motion to Stay Summary Judgment**

Plaintiff also requests that the Court stay the summary judgment in order to provide the Washington State Supreme Court the opportunity to make a ruling on a state law that plaintiff believes in ambiguous. Dkt. 36. "Certification of questions of state law to the highest court of the

state 'provides a means to obtain authoritative answers to unclear questions of state law.'" *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (quoting *Toner v. Lederle Lab.*, 779 F.2d 1429, 1432 (9th Cir. 1986)). Under Washington law, a federal court may certify a question to the Washington State Supreme Court when the federal court determines "it is necessary to ascertain the local law of this state to dispose of such proceeding and the local law has not been clearly determined . . . ." RCW 2.60.020. However, the "mere difficulty in ascertaining local law is no excuse" for certifying state law questions. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974) ("We do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory").

Plaintiff argues that the Court should certify the question of whether *Burton v. Lehman*, 153 Wash.2d 416 (2005), is still the case controlling RCW 72.02.045, a Washington statute governing the transport of prisoners' possessions. Dkt. 36, p. 2. That statute formerly included a provision prohibiting the DOC from charging prisoners for transportation of their property during a "transfer." *See Burton*, 153 Wash.2d at 420. The *Burton* court interpreted the term "transfer" to include transport between facilities, not just release from custody, and so concluded that "the statute means exactly what it says; that is, whenever an inmate is moved between DOC institutions, DOC is responsible for ensuring that the property owned by convicted persons and held in the custody of DOC superintendents is physically relocated from the transferor institution to the transferee institution." *Burton*, 153 Wash.2d at 425. That court further held that, pursuant to that statute, "DOC may not impose a requirement that inmates must choose between having to pay shipping costs or lose their ownership [of transported property]." *Id.* at 426.

However, after *Burton* was decided, the Washington State Legislature amended the statute, omitting the "transfer" language and including an unambiguous passage providing the

superintendent of the prison with authority to determine the amounts of property that may be transferred between facilities and any monetary charge for such transport. *See* RCW 72.02.045. Courts in the Western District of Washington have already held that this amendment superseded *Burton*. *See Barnhouse v. Glebe*, No. 07-1991-MJP-JPD, 2008 WL 5263716 at 7 n.5 (W.D. Wash. Dec. 17, 2008). Thus, it is clear that *Burton* is no longer applicable because the language plaintiff relies on has now been redacted and replaced by language unambiguously giving authority to charge prisoners for transport of property between prison facilities. Thus, there is no reason to certify this question to the Washington State Supreme Court because it is not an unclear or ambiguous local law. Therefore, the Court denies plaintiff's second motion to stay (Dkt. 64).

### III. Instructions to Plaintiff and Clerk

1) Plaintiff's first motion to stay summary judgment (Dkt. 34) is denied insofar as it asks the Court to stay the case. It is granted insofar as plaintiff requests an extension to file a response to defendants' motion for summary judgment.

2) The Clerk is directed to renote defendants' motion for summary judgment (Dkt. 27) to October 19, 2018.

3) Plaintiff may now file a response to defendants' motion for summary judgment **on or before October 15, 2018**.

4) Plaintiff's second motion to stay summary judgment (Dkt. 36) is denied.

Dated this 14th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge