UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON LEE SUTTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD WARNER, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:18-cv-05236-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 5, 2018 |

　　　This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's motion for court ordered relief, Dkt. 35, which the Court interprets as a motion for preliminary injunctive relief.

　　　The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43

(11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

Here, plaintiff has filed a motion requesting that the Court require defendants to provide him with pleading paper including line numbers in order for plaintiff to comply with local court rules. Dkt. 35. However, plaintiff's underlying claims focus on alleged constitutional violations he suffered when he was required to pay to ship his possessions between prison facilities. Dkt. 6. It has nothing to do with access to courts or with receiving materials to file lawsuits. As noted above, the Court should not grant injunctive relief when the injunctive relief is unrelated to the underlying claims. Further, as a pro se prisoner, the Court treats plaintiff's pleadings with greater leniency. As defendants properly note, plaintiff has never filed any document in this case on pleading paper with line numbers, but the Court has still accepted his filings and made determinations on his pleadings. Because plaintiff's request for injunctive relief is unrelated to his underlying claims, the Court recommends plaintiff's motion for injunctive relief (Dkt. 35) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 5,**
2  **2018** as noted in the caption.

3      Dated this 14th day of September, 2018.

                                    /s/ J. Richard Creatura
                                    J. Richard Creatura
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 3