UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON LEE SUTTON,

          Plaintiff,

   v.

BERNARD WARNER, et al,

          Defendants.

CASE NO. 3:18-cv-05236-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 11, 2019

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    After defendants filed a motion for summary judgment, plaintiff Jason Lee Sutton requested that his case be voluntarily dismissed with prejudice. Though defendants do not object to dismissal with prejudice, they also request that the Court dismiss the case for failure to state a claim and thereby consider it a strike under 28 U.S.C. § 1915(g). However, the Court finds that a voluntary dismissal is presumptively not a strike pursuant to § 1915, and dismissal with

1 prejudice adequately protects defendants from future re-litigation of this matter. Therefore, the

2 Court recommends granting plaintiff's motion for voluntary dismissal with prejudice, and

3 recommends denying defendants' motion for summary judgment as moot.

**BACKGROUND**

Plaintiff initially filed this action in March of 2018. Dkt. 1. Plaintiff alleged that his constitutional rights were violated when the Department of Corrections ("DOC") charged plaintiff's prison trust account in order to transfer some of his possessions between DOC facilities. Dkt. 6. In July of 2018, defendants filed a motion for summary judgment, arguing that plaintiff's claims fail on the merits and that defendants are otherwise entitled to qualified immunity. Dkt. 27. After denying plaintiff's request to stay consideration of defendants' motion for summary judgment, the Court provided plaintiff with additional time to file a response to defendants' motion for summary judgment. Dkt. 41. Rather than file a response, plaintiff has now filed his motion for voluntary dismissal, noted for consideration on the same day as it was filed. Dkt. 45. After reviewing plaintiff's motion, the Court renoted defendants' motion for summary judgment and plaintiff's motion for voluntary dismissal, and requested that defendants respond to plaintiff's motion for voluntary dismissal. Dkt. 46. Defendants have now filed a response. Dkt. 47.

**DISCUSSION**

**I.    Motion for Voluntary Dismissal**

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action

"based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). However, if the defendant has filed an answer or a summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 163 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)) (footnote omitted). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Here, plaintiff has requested that his case be voluntarily dismissed *with* prejudice, and defendants do not oppose that request. Dkts. 45, 47. Therefore, the Court recommends that plaintiff's motion for voluntary dismissal (Dkt. 45) be granted and that plaintiff's action be dismissed with prejudice. If the Honorable Benjamin H. Settle accepts this Court's recommendation, the Court further recommends that defendants' motion for summary judgment (Dkt. 27) be denied as moot.

**II.    Request to Find Dismissal as a Strike**

With their response to plaintiff's motion for voluntary dismissal, defendants have also included a request that the Court find that plaintiff's complaint fails to state a claim on which relief may be granted, and therefore render plaintiff's action a strike under 28 U.S.C. § 1915(g). Dkt. 47, p. 2. They argue that plaintiff's complaint "fails to state a claim – a fact that he acknowledges." *Id.*

However, the Court has not identified any authority indicating that a voluntary dismissal may be treated as a strike absent unique circumstances. Indeed, the authority the Court was able

1  to identify indicates that voluntary dismissal, by its nature, is presumptively not a strike pursuant
2  to § 1915. *See Daniels v. Woodford*, 2008 WL 2079010, at *5 (C.D. Cal. May 13, 2008) ("[A]
3  voluntary dismissal does not constitute a dismissal on the grounds that an action or appeal is
4  'frivolous, malicious, or fails to state a claim upon which relief may be granted,' pursuant to the
5  definitions given in *Andrews v. King*. 398 F.3d [1113,] 1121 [(9th Cir. 2005)]"). The only
6  voluntary dismissals that the Court could identify that constituted strikes were voluntary
7  dismissals entered *after* a court had already, independently dismissed the action for failure to
8  state a claim. *See*, *e.g.*, *Williams v. Navarro*, 2018 WL 4489683, at *3 (S.D. Cal. Sept. 19, 2018)
9  (counting a voluntary dismissal as a strike when the case was voluntarily dismissed after the
10 Court had previously dismissed the case for failure to state a claim with leave to amend);
11 *Chambers v. Laske*, 2018 WL 3219649, at *7 (C.D. Cal. May 11, 2018) (finding the same);
12 *Jones v. Eller*, 2018 WL 1801254, at *3 (C.D. Cal. Jan. 22, 2018) (noting that two stipulated
13 voluntary dismissals did not constitute strikes pursuant to § 1915).
14     Here, plaintiff's case has not been previously dismissed for failure to state a claim or any
15 other reason that would constitute a strike pursuant to § 1915. *See* Dkt. In addition, though
16 plaintiff has filed several other civil actions (*see Sutton v. Heaward*, 3:17-cv-05546-RJB (W.D.
17 Wash. Aug. 28, 2018); *Sutton v. Pierce C'nty Sheriff's Dep't*, 3:07-cv-05505-BHS (W.D. Wash.
18 Sept. 29, 2008); *Sutton v. State of Washington*, 3:04-cv-05642-RBL (W.D. Wash. Mar. 13,
19 2008)), the Court does not find that plaintiff is otherwise such a frivolous or malicious litigant as
20 to warrant a strike at this time. Further, the Court finds that the claims in plaintiff's complaint are
21 not so without merit so as to warrant a finding that he failed to state a claim. As such, the Court
22 declines to find that plaintiff's current action constitutes a strike pursuant to § 1915.
23
24

### *IN FORMA PAUPERIS* STATUS ON APPEAL

If the Court adopts the undersigned's report and recommendation, leave to proceed *in forma pauperis* for purposes of appeal may be denied if the appeal is frivolous or taken in bad faith. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3). In light of plaintiff's request that his action be voluntarily dismissed with prejudice, the undersigned recommends plaintiff be denied leave to proceed *in forma pauperis* for purpose of appeal, because any appeal of the Court's order would be taken in bad faith.

### CONCLUSION

Based on the foregoing, the Court recommends that plaintiff's motion for voluntary dismissal with prejudice (Dkt. 45) be granted. Plaintiff's action should be dismissed with prejudice, but the dismissal should not act as a strike pursuant to 28 U.S.C. § 1915. The Court further recommends that defendants' motion for summary (Dkt. 27) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 11,

2 | 2019, as noted in the caption.

3 |     Dated this 27th day of December, 2018.

*[signature]*

J. Richard Creatura
United States Magistrate Judge